IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMCAP MORTGAGE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO 4:25-cv-1998 |
| | § | |
| | § | |
| SAP CONCUR | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff AmCap Mortgage, Ltd. ("AmCap") files this Original Complaint complaining of Defendant SAP Concur and would respectfully show as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because of complete diversity of citizenship exists between the parties and because the amount in controversy exceeds $75,000.

2. SAP Concur is subject to jurisdiction within the state of Texas because it conducts business with businesses such as AmCap Mortgage, Ltd. within the state of Texas. Moreover, SAP Concur maintains actual offices within the state of Texas in conducting business within the State of Texas. SAP transacts business within the State of Texas with business such as AmCap Mortgage, Ltd. in order to store data for Texas businesses and to make money from Texas businesses from conducting cloud storage services. SAP Concur transacts such an amount of business in the state of Texas and maintains substantial contacts with the State of Texas as to be subject to the jurisdiction and laws of the State of Texas.

3. Venue of this action is proper in this District pursuant to 28 U.S.C. 1391(b)(1) because all or a substantial part of the events or omission giving rise to this action occurred within this judicial district.

## II.
## PARTIES

4. Plaintiff AmCap Mortgage, Ltd. has a principal place of business in Houston, Texas. For purposes of diversity of citizenship it is a citizen of the state of Texas.

5. SAP Concur has a principal place of business in Bellevue, Washington. Despite having physical offices within the State of Texas, SAP Concur fails to have a registered agent within the State of Texas. SAP Concur may be served with process by serving a citation with a copy of the complaint to an officer or director of SAP Concur at 601 108th Ave NE, Suite 1000, Bellevue Washington, 98004.

## III.
## BACKGROUND FACTS

6. SAP Concur is a huge software company specializing in cloud based technologies. AmCap has been a good paying customer of SAP Concur since 2020 utilizing both its expense reporting and invoice applications.

7. On January 24, 2024, AmCap began to inquire of SAP Concur regarding the termination of its services for AmCap and how to properly retrieve its data in cloud storage with SAP Concur.

8. AmCap was advised that there were two options available for the termination of services, either:

a) Historical Data Services (HDS) – a paid service to retain historical expense data, or

b) Data Dump (zip file format) – one time export of expense data.

9.     SAP Concur required a formal termination letter specifying the type of data to be terminated and which of the above services chosen.  Between January 30, 2024 and February 22, 2024 AmCap engaged in extensive discussions with SAP Concur regarding the format and delivery of data to be recovered.  The agreed plan was to transition first to HDS and then later cancel the HDS and request a Data Dump.

10.     On February 22, 2024, AmCap tendered a formal termination letter requesting both a HDS and a Data Dump.  On May 20, 2024 Corban Wichtendahl, Activation Coach at SAP Concur, reached out to AmCap with questions that needed resolution before migrating AmCap's data to HDS.

11.     On June 17, 2024, AmCap emailed Wichtendahl stating AmCap's intention was to cancel the HDS and to proceed with the Data Dump.  AmCap requested instructions on how to proceed with the Data Dump to ensure that the data was safely returned to AmCap.

12.     On June 18, 2024, Andrea Flor informed AmCap that the HDS Support Team had been notified of the request and that AmCap would receive further instructions within 48 hours.  This never happened.

13.     On August 26, 2024 AmCap communicated with Andrea Flor stating that no one had contacted it regarding the HDS cancellation or the Data Dump.  Ms. Flor replied that she was escalating the matter.

14.  On August 27, 2024, Ms. Flor followed up stating someone was now handling the matter internally.  On September 18, 2024, AmCap communicated yet again to Ms. Flor that it still had not received any communications from SAP Concur regarding the safe recovery of its valuable data.

15. On October 4, 2024, Jason Bonazzi of AmCap emailed Ms. Flor and Abi Mailhot of SAP Concur seeking assistance with his June 17, 2024 cancellation and Data Dump request. Abi Mailhot replied stating that Bonazzi's request had been denied by Concur's contracts department "due to improper wording."

16. In response to this outlandish position, Bonazzi protested emphasizing that it took four months for SAP Concur to even respond to AmCap's written termination letter.

17. On November 5, 2024, Concur issued a new invoice for $682.24 for HDS services through November 24, 2024. This invoice was promptly paid. Despite payment for services, AmCap was advised on February 17, 2025 by Abi Mailhot that AmCap's system was fully shut down on October 11, 2024 and all associated data was deleted by mid-November despite the fact that AmCap had paid for HDS through November 24, 2024.

18. In communications from the undersigned counsel for AmCap to Abi Mailhot requesting information about how to retrieve AmCap's valuable data, SAP Concur constantly responds that the matter is being "escalated," yet in reality SAP Concur again goes off the radar and nothing is escalated or done in response to AmCap's many inquiries.

**IV.**
**CAUSES OF ACTION**

**<u>Breach of Contract</u>**

19. AmCap repeats and reincorporates Paragraphs 1-18 above as if fully recited herein *verbatim*.

20. SAP Concur is a cloud-based data storage business that was entrusted to store AmCap's valuable expense and invoicing data. AmCap followed the proper protocols to terminate the service with the full intent of recovering its valuable data. Notwithstanding the same, SAP

Concur failed to follow its own protocols and to provide AmCap with the necessary recovery files to recover its valuable data.

21.     Instead of assisting AmCap in the recovery of its data, whenever SAP Concur got around to communicating, it made up strained excuses such as an "improper termination letter" to keep AmCap in the dark about the status of its valuable data and recovery of the same.

22.     At all turns, AmCap complied with its contract with SAP Concur.  SAP Concur breached its contract with AmCap causing AmCap damages.  As a result of the breach of contract, AmCap was forced to retain the undersigned counsel to pursue the breach of contract and seeks recovery of its reasonable and necessary attorney's fees pursuant to Texas Civil Practices & Remedies Code §38.002 et. seq.

**<u>Negligence</u>**

23.     AmCap repeats and reincorporates Paragraphs 1-22 above as if fully recited herein *verbatim*.

24.     AmCap would show that SAP Concur was negligent in providing instructions to AmCap on how the data was going to be transferred on final termination of the contract.  Moreover, on information and belief, SAP Concur negligently destroyed AmCap's valuable data.  SAP Concur had a duty to safely store AmCap's data and then at the tail end of the contract had a duty to ensure that the data was safely transferred and transmitted back to AmCap.  SAP Concur's failure to safely store and transfer back to AmCap this data was the proximate cause of damages sustained by AmCap.

**V.**
**DAMAGES**

25.     AmCap repeats and reincorporates Paragraphs 1-24 above as if fully recited herein *verbatim*.

26.     AmCap seeks damages for the loss of all of its valuable data stored with SAP Concur.  AmCap further seeks recovery of its attorney's fees and costs incurred in prosecution of this matter.  AmCap seeks recovery of all fees paid by AmCap to SAP Concur under the contract for which SAP Concur did not provide the required services.

27.     AmCap seeks all pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VI.
## CONDITIONS PRECEDENT

28.     AmCap has complied with all conditions precedent to bringing this lawsuit.

## VII.
## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff AmCap Mortgage, Ltd. respectfully prays that SAP Concur be cited to appear and after trial on the merits judgment be entered in favor of Plaintiff for all damages sought herein.  AmCap prays for all further relief to which it might show itself entitled whether at law or equity.

Respectfully submitted,

MCGLINCHEY STAFFORD PLLC

*s/ Gary L. Pate*
Gary L. Pate
Fed. I.D. 29713
State Bar No. 24029763
McGlinchey Stafford PLLC
1001 McKinney St., Suite 1500
Houston, Texas 77002
281-755-8331
gpate@mcglinchey.com
ATTORNEY-IN-CHARGE FOR
PLAINTIFF AMCAP MORTGAGE, LTD.